**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| JOANNA MANIS, individually and on behalf of all others similarly situated | Case No. _____ |
| v. | Jury Trial Demanded |
| SINGER HOLDING CORPORATION d/b/a ROBISON OIL | FLSA Collective Action<br>Rule 23 Class Action |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

### SUMMARY

1.      Joanna Manis ("Manis") brings this collective action to recover unpaid overtime wages and other damages from Singer Holding Corporation d/b/a Robison Oil ("Robison Oil").

2.      Manis worked for Robison Oil as an Account Manager (also known as an "Inside Sales Rep") in New Jersey.

3.      Like the Putative Class Members (as defined below), Manis regularly worked more 40 hours in a workweek.

4.      But Robison Oil never paid these employees overtime compensation.

5.      Instead, Robison Oil uniformly misclassified Manis and the Putative Class Members as exempt employees, paid them a salary plus commissions, and failed to pay these employees overtime compensation.

6.      Robison Oil's uniform salary pay scheme violates Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* (NJWHL) by depriving non-exempt employees (Manis and the Putative Class Members) of overtime wages at 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

7.      Likewise, Robison Oil's uniform salary pay scheme violates the the New Jersey Wage Theft Act, N.J.S.A. 34:11-4.1, *et seq.* (NJWTA) by depriving Manis and the Putative Class Members of earned wages.

## JURISDICTION & VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

10.     This Court has specific personal jurisdiction over Robison Oil with respect to this action because this action arises out of Robison Oil's substantial contacts with New Jersey, including employing Manis in Dumont, New Jersey.

11.     Venue is proper because a substantial part of the events or omissions giving rise to this action occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

12.     Specifically, Robison Oil employed and failed to pay overtime wages to Manis in Dumont, Bergen County, New Jersey, which is in this District and Division.

## PARTIES

13.     Manis worked for Robison Oil as an Account Manager (also known as an "Inside Sales Rep") in New Jersey from approximately June 2020 until April 2023.

14.     Throughout her employment, Robison Oil misclassified Manis as exempt to avoid paying her overtime compensation.

15.     Throughout her employment, Robison Oil paid Manis a salary plus sales commissions and failed to pay her overtime compensation when she worked more than 40 hours in a workweek.

16.     Manis's written consent is attached as **Exhibit 1**.

17.     Manis brings this action on behalf of herself and other similarly situated Robison Oil Account Managers who were misclassified as exempt and paid a salary plus commissions with no overtime compensation.

18.     Robison Oil uniformly misclassifies these employees as exempt and

pays them a salary plus sales commissions and fails to pay them overtime compensation when they work more than 40 hours in a workweek in violation of the FLSA, NJWHL, and/or NJWTA.

19. The FLSA Collective of similarly situated employees is defined as:

> **All Robison Oil Account Managers (also known as "Inside Sales Reps") who were classified as exempt and paid a salary plus commissions with no overtime compensation at any time during the past 3 years ("FLSA Collective Members" or "FLSA Collective").**

20. Manis also seeks to represent such a class under the NJWHL and NJWTA pursuant to FED. R. CIV. P. 23.

21. The New Jersey Class of similarly situated employees is defined as:

> **All Robison Oil Account Managers (also known as "Inside Sales Reps") who were classified as exempt and paid a salary plus commissions with no overtime compensation while working in New Jersey at any time during the past 6 years ("New Jersey Class Members" or "New Jersey Class").**

22. The FLSA Collective Members and the New Jersey Class Members are collectively referred to as the "Putative Class Members" or "Putative Classes."

23. Robison Oil is a New York corporation that maintains its headquarters in Port Chester, New York.

24. Robison Oil may be served with process by serving its President/CEO: **Daniel Singer, 55 South Main Street, Port Chester, New York 10573**, or wherever he may be found.

## Coverage Under The FLSA

25.    At all relevant times, Robison Oil was and is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26.    At all relevant times, Robison Oil was and is an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27.    At all relevant times, Robison Oil has been part of an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cellphones, computers, pens, paper, oil, etc. – that have been moved in or produced for commerce.

28.    In each of the past 3 years, Robison Oil has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

29.    At all relevant times, Manis and the Putative Class Members were Robison Oil's "employees" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

30.    At all relevant times, Manis and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

31.    At all relevant times, Robison Oil uniformly misclassified Manis and

the Putative Class Members as exempt from the FLSA's overtime provisions.

32.     As a result, Robison Oil failed to pay Manis and the Putative Class Members overtime wages when they worked more than 40 hours in a workweek in violation of the FLSA.

33.     Robison Oil's salary plus commissions pay scheme, which deprives Manis and the Putative Class Members of overtime compensation in the weeks these employees work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

34.     Robison Oil "supplies natural gas and electricity …, delivers clean-burning biofuel, services and installs all types of heating and air conditioning systems, solves indoor air quality issues, and provides quality licensed plumbing services."[1]

35.     Robison Oil hires Account Managers (also referred to as Inside Sales Reps), including Manis and the Putative Class Members, to sell its services and products to its clients.

36.     Robison Oil uniformly classifies its Account Managers, including Manis and the Putative Class Members, as exempt to avoid paying these employees overtime wages.

37.     Instead, Robison Oil uniformly pays its Account Managers, including

---

[1] https://www.robisonoil.com/about-us/ (last visited June 16, 2023).

Manis and the Putative Class Members, a salary plus sales commissions with no overtime compensation.

38.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

39.    For example, Manis worked for Robison Oil as an Account Manager (also known as an "Inside Sales Rep") in New Jersey from approximately June 2020 until April 2023.

40.    Throughout her employment, Robison Oil misclassified her as exempt and paid her a salary plus monthly sales commissions with no overtime compensation.

41.    Specifically, Robison Oil paid Manis an annual salary of $52,000 plus approximately $10,000 to $20,000 per year in sales commissions.

42.    Throughout her employment, Manis's sales commissions never constituted 50% or more of her actual earnings.

43.    Manis and the Putative Class Members worked under Robison Oil's uniform exempt misclassification and salary plus commissions (with no overtime) pay scheme.

44.    As Account Managers, Manis's and the Putative Class Members' sales commissions never constituted 50% or more of their actual earnings.

45.    As Account Managers, Manis and the Putative Class Members perform

non-exempt job duties.

46.    Indeed, as Account Managers, Manis's and the Putative Class Members' primary responsibilities included calling and emailing potential clients and pursuing sales and potential clients in accordance with Robison Oil's policies, procedures, scripts, and quotas.

47.    Manis's and the Putative Class Members' job functions were primarily technical in nature, requiring little to no official training.

48.    Robison Oil uniformly subjected Manis and the Putative Class Members to policies and procedures which dictated their day-to-day activities.

49.    The sales work Manis and the Putative Class Members perform is an essential and integral part of Robison Oil's core business.

50.    No advanced degree is required to become a Robison Oil Account Manager.

51.    Being a Robison Oil Account Manager does not require specialized academic training as a standard prerequisite.

52.    Manis and the Putative Class Members do not have any supervisory or management duties.

53.    To the extent Manis and the Putative Class Members make "decisions," such decisions do not require the exercise of independent discretion and judgment.

54.    Instead, Manis and the Putative Class Members apply well-established

techniques and procedures and use established standards and checklists to evaluate any issues.

55.    Manis and the Putative Class Members do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

56.    Robison Oil's Account Managers, including Manis and the Putative Class Members, are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

57.    With these job duties, Manis and the Putative Class Members are clearly non-exempt employees and, therefore, entitled to overtime compensation for the hours they work in excess of 40 hours in a workweek.

58.    But Robison Oil does not pay Manis and the Putative Class Members overtime compensation when they work more than 40 hours in a workweek in violation of the FLSA, NJWHL, and NJWTA.

59.    Manis worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

60.    For example, during the workweek ending January 21, 2023 – as is the case for most workweeks during the winter/high-heating season – Manis worked approximately 60 hours.

61.    Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

62.    Indeed, Manis and the Putative Class Members regularly work 8 to 10 hours a day for up to 6 days a week.

63.    But Robison Oil does not pay these non-exempt employees overtime compensation.

64.    Rather, under Robison Oil's uniform salary plus commissions pay scheme, Manis and the Putative Class Members are denied overtime compensation when they work in excess of 40 hours in workweek in violation of the FLSA, NJWHL, and NJWTA.

65.    Robison Oil knows Manis and the Putative Class Members routinely work more than 40 hours in a week because Robison Oil expected and required them to do so.

66.    But Robison Oil does not pay Manis and the Putative Class Members overtime wages for the overtime hours they work in violation of the FLSA, NJWHL, and NJWTA.

67.    When Manis and the Putative Class Members worked more than 40 hours in workweek, Robison Oil did not pay them overtime wages at 1.5 times their regular rate of pay for all overtime hours worked in violation of the FLSA, NJWHL, and NJWTA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

68.    Manis brings her claims as a class and collective action on behalf of

herself and the Putative Class Members pursuant to Section 216(b) of the FLSA and
FED. R. CIV. P. 23.

69.     The Putative Class Members were uniformly victimized by Robison
Oil's salary plus commissions pay scheme, which is in willful violation of the FLSA,
NJWHL, and NJWTA.

70.     Other Putative Class Members worked with Manis and indicated they
were paid in the same manner, performed similar work, and were subject to Robison
Oil's same illegal policies.

71.     Based on her experiences and tenure with Robison Oil, Manis is aware
Robison Oil's illegal practices were imposed on the Putative Class Members.

72.     The Putative Class Members are similarly situated in all relevant
respects.

73.     Even if their precise job duties and locations might vary somewhat,
these differences do not matter for the purposes of determining their entitlement to
overtime compensation.

74.     Therefore, the specific job titles or precise job locations of the various
members of the Putative Classes do not prevent class or collective treatment.

75.     Rather, the Putative Classes are held together by Robison Oil's uniform
salary plus commissions (with no overtime) pay scheme that systematically deprived
Manis and the Putative Class Members of overtime wages when they worked more

than 40 hours in a week.

76.    The Putative Class Members are similarly denied overtime compensation when they work more than 40 hours in a workweek.

77.    The back wages owed to Manis and the Putative Class Members will be calculated using the same records and using the same formula.

78.    Manis's experiences are therefore typical of the experiences of the Putative Class Members.

79.    Manis has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

80.    Like each Putative Class Member, Manis has an interest in obtaining the unpaid overtime wages owed under federal and/or state law.

81.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

82.    Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries, and Robison Oil will reap the unjust benefits of violating the FLSA, NJWHL, and NJWTA.

83.    Further, even if some of the Putative Class Members could afford individual litigation against Robison Oil, it would be unduly burdensome to the judicial system.

84.    Concentrating the litigation in one forum will promote judicial

economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

85.    The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

86.    Among the common questions of law and fact are:

a.    Whether Robison Oil misclassified Manis and the Putative Class Members as exempt from overtime;

b.    Whether Manis and the Putative Class member are non-exempt employees entitled to overtime compensation;

c.    Whether Robison Oil's salary plus commissions pay scheme deprived Manis and the Putative Class Members of overtime wages when these employees worked more than 40 hours in a workweek in violation of the FLSA and/or NJWHL;

d.    Whether Robison Oil's salary plus commissions pay scheme deprived Manis and the New Jersey Class Members of all earned wages in violation of the NJWTA;

e.    Whether Robison Oil's violation of the FLSA, NJWHL, and/or NJWTA resulted from a continuing course of conduct;

f.    Whether Robison Oil's decision not to pay Manis and the Putative Class Members overtime compensation was made in

good faith;

g.     Whether Robison Oil's decision to classify Manis and the Putative Class Members as exempt employees was made in good faith;

h.     Whether Robison Oil's violations of the FLSA, NJWHL, and/or NJWTA result from a continuing court of conduct; and

i.     Whether Robison Oil's violations of the FLSA, NJWHL, and/or NJWTA were willful.

87.     Manis and the Putative Class Members sustained damages arising out of Robison Oil's illegal and uniform employment policies.

88.     Manis knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

89.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Robison Oil's records, and there is no detraction from the common nucleus of liability facts.

90.     Therefore, the issue of damages does not preclude class or collective treatment.

91.     Robison Oil is liable under the FLSA for failing to pay Manis and the FLSA Collective Members overtime compensation when they work more than 40

hours in a workweek.

92.     Robison Oil is liable under the NJWHL for failing to pay Manis and the New Jersey Class Members overtime compensation when they work more than 40 hours in a workweek.

93.     Robison Oil is liable under the NJWTA for failing to pay Manis and the New Jersey Class Members all their earned wages.

94.     Consistent with Robison Oil's illegal salary pay scheme, Manis and the Putative Class Members are not paid overtime compensation when they work more than 40 hours in a workweek in violation of the FLSA.

95.     As part of its regular business practices, Robison Oil intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, NJWHL, and NJWTA with respect to Manis and the Putative Class Members.

96.     Robison Oil's illegal policies deprived Manis and the Putative Class Members of earned wages and overtime compensation, which they are owed under state and/or federal law.

97.     There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

98.     This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

99.    Those similarly situated employees are known to Robison Oil, are readily identifiable, and can be found through Robison Oil's business and personnel records.

**ROBISON OIL'S FLSA & NEW JERSEY WAGE VIOLATIONS WERE WILLFUL OR DONE IN RECKLESS DISREGARD FOR THE FLSA & NEW JERSEY WAGE LAWS**

100.    Manis realleges and incorporates all other paragraphs by reference.

101.    Robison Oil knew it was subject to the FLSA, including its overtime provisions.

102.    Robison Oil knew the FLSA required it to pay non-exempt employees, including Manis and the FLSA Collective Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

103.    Robison Oil knew it was subject to the NJWHL, including its overtime provisions.

104.    Robison Oil knew the NJWHL required it to pay non-exempt employees, including Manis and the New Jersey Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

105.    Robison Oil knew it was subject to the NJWTA.

106.   Robison Oil knew the NJWTA requires it to pay employees, including Manis and the New Jersey Class Members, all wages (including overtime wages) earned, due, and owing to them.

107.   Robison Oil knew Manis and the Putative Class Members worked more than 40 hours in a week because it regularly expected and required these workers to do so.

108.   Robison Oil knew it paid Manis and the Putative Class Members a salary plus sales commissions.

109.   Robison Oil knew the sales commissions it paid Manis and the Putative Class Members never constituted 50% or more than these employees' actual earnings.

110.   Robison Oil knew it did not pay Manis and the Putative Class Members overtime wages when these employees worked more than 40 hours in a workweek.

111.   Robison Oil knew that, as Account Managers, Manis and the Putative Class Members perform non-exempt job duties.

112.   Robison Oil knew that, as Account Managers, Manis's and the Putative Class Members' primary responsibilities included calling and emailing potential clients and pursuing sales and potential clients in accordance with Robison Oil's policies, procedures, scripts, and quotas.

113.  Robison Oil knew that, as Account Managers, Manis's and the Putative Class Members' job functions were primarily technical in nature, requiring little to no official training.

114.  Robison Oil knew the sales work Manis and the Putative Class Members performed was an essential and integral part of Robison Oil's core business.

115.  Robison Oil knew that no advanced degree is required to become a Robison Oil Account Manager.

116.  Robison Oil knew that, as Account Managers, Manis and the Putative Class Members do not have any supervisory or management duties.

117.  Robison Oil knew that, as Account Managers, Manis and the Putative Class Members do not exercise independent discretion and judgment with respect to matters of significance.

118.  Robison Oil knew that, as Account Managers, Manis and the Putative Class Members are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

119.  Thus, Robison Oil knew, or should have known, Manis and the Putative Class Members were non-exempt employees and, therefore, entitled to overtime compensation when they worked more than 40 hours in a workweek.

120. Nonetheless, Robison Oil misclassified Manis and the Putative Class Members as exempt employees and failed to pay them premium overtime wages when they worked more than 40 hours in a workweek in violation of the FLSA and NJWHL.

121. Likewise, Robison failed to pay Manis and the New Jersey Class Members all their earned wages (including earned overtime wages) in violation of the NJWTA.

122. Robison Oil's misclassification of Manis and the Putative Class Members as exempt was neither reasonable, nor was the decision to misclassify these employees as exempt made in good faith.

123. Likewise, Robison Oil's failure to pay Manis and the Putative Class Members premium overtime wages was neither reasonable, nor was the decision not to pay these employees premium overtime wages made in good faith.

124. Robison Oil knowingly, willfully, and/or in reckless disregard carried out these illegal misclassification and pay schemes that deprived Manis and the Putative Class Members of overtime compensation for hours these non-exempt employees worked in excess of 40 hours in a workweek in violation of the FLSA, NJWHL, and/or NJWTA.

125.   Robison Oil knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA, NJWHL, and/or NJWTA.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

126.   Manis realleges and incorporates all other paragraphs by reference.

127.   Manis brings her FLSA claim as a collective action on behalf of herself and the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

128.   Robison Oil violated, and is violating, the FLSA by failing to pay non-exempt employees, Manis and the FLSA Collective Members, overtime compensation at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 in a workweek.

129.   Manis and the FLSA Collective Members have been harmed as a direct and proximate result of Robison Oil's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Robison Oil derived a direct and substantial benefit.

130.   Robison Oil knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Manis and the FLSA Collective Members overtime compensation.

131.    Robison Oil's failure to pay Manis and the FLSA Collective Members overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

132.    Accordingly, Manis and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE NJWHL
### (NEW JERSEY CLASS)

133.    Manis realleges and incorporates all other paragraphs by reference.

134.    Manis brings her NJWHL claims as a class action on behalf of herself and the New Jersey Class Members pursuant to FED. R. CIV. P. 23.

135.    The conduct alleged violates the NJWHL, N.J.S.A. 34:11-56a, *et seq.*

136.    At all relevant times, Robison Oil was an "employer" within the meaning of, and subject to, the NJWHL. *See* N.J.S.A. 34:11-56a1(g).

137.    At all relevant times, Robison Oil employed Manis and the New Jersey Class Members as "employees" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(h).

138.    Section 34:11-56a4 of the NJWHL requires employers, like Robison Oil, to pay non-exempt employees, including Manis and the New Jersey Class

Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek. *See* N.J.S.A. 34:11-56a4(b)(1).

139.   Manis and the New Jersey Class Member are entitled to overtime pay under the NJWHL.

140.   Robison Oil violated, and is violating, the NJWHL by failing to pay Manis and the New Jersey Class Members overtime wages when these non-exempt employees worked in excess of 40 hours in a workweek. *See* N.J.S.A. 34:11-56a4(b)(1).

141.   Manis and the New Jersey Class Members have been harmed as a direct and proximate result of Robison Oil's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Robison Oil derived a direct and substantial benefit.

142.   Robison Oil knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Manis and the New Jersey Class Members overtime compensation.

143.   Robison Oil's failure to pay Manis and the New Jersey Class Members overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

144.    Accordingly, Manis and the New Jersey Class Members are entitled to recover their unpaid overtime wages under the NJWHL in an amount equal to 1.5 times their regular rates of pay, liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-56a25.

## COUNT III

### FAILURE TO PAY ALL WAGES EARNED UNDER THE NJWTA
### (NEW JERSEY CLASS)

145.    Manis realleges and incorporates all other paragraphs by reference.

146.    Manis brings her NJWTA claims as a class action on behalf of herself and the New Jersey Class Members pursuant to FED. R. CIV. P. 23.

147.    The conduct alleged violates the NJWTA, N.J.S.A. 34:11-4, *et seq.*

148.    At all relevant times, Robison Oil was an "employer" within the meaning of, and subject to, the NJWTA. *See* N.J.S.A. 34:11-4.1(a).

149.    At all relevant times, Robison Oil employed Manis and the New Jersey Class Members as "employees" within the meaning of the NJWTA. *See* N.J.S.A. 34:11-4.1(b).

150.    The NJWTA requires employers, like Robison Oil, to pay employees, like Manis and the New Jersey Class Members, all wages (including overtime wages) earned, due, and owing to them on their regular payday. *See* N.J.S.A. 34:11-4.2.

151.   As a result of Robison Oil's illegal salary plus commissions (with no overtime) pay scheme, Manis and the New Jersey Class Member have been deprived of all "wages" earned, due, and owed to them in violation of the NJWTA. *See* N.J.S.A. 34:11-4.1(c).

152.   The earned "wages" Robison Oil owes to Manis and the New Jersey Class Members remain unpaid.

153.   Manis and the New Jersey Class Members have been harmed as a direct and proximate result of Robison Oil's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Robison Oil derived a direct and substantial benefit.

154.   Robison Oil knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Manis and the New Jersey Class Members all wages earned (including premium overtime wages) for all hours worked.

155.   Robison Oil's failure to pay Manis and the New Jersey Class Members all wages earned was neither reasonable, nor was the decision not to pay these employees all wages earned made in good faith.

156.   Accordingly, Bennett and the New Jersey Class Members are entitled to recover their unpaid earned wages, plus liquidated damages in an amount equal

to 200% of their unpaid earned wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-4.10(c).

## JURY DEMAND

157. Manis demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Manis, individually and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c. An Order appointing Manis and his counsel to represent the interests of the FLSA Collective and New Jersey Class;

d. An Order pursuant to Section 16(b) of the FLSA finding Robison Oil liable for unpaid overtime wages due to Manis and

the FLSA Collective Members, plus liquidated damages in an amount equal to their unpaid compensation;

e.      An Order finding Robison Oil liable for unpaid overtime wages owed to Manis and the New Jersey Class Members under the NJWHL, plus liquidated damages in an amount equal to 200% of their unpaid wages;

f.      An Order finding Robison Oil liable for unpaid earned wages (including unpaid earned overtime wages) owed to Manis and the New Jersey Class Members under the NJWTA, plus liquidated damages in an amount equal to 200% of their unpaid wages;

g.      Judgment awarding Manis and the Putative Class Members all unpaid compensation and other damages available under the FLSA, NJWHL, and NJWTA;

h.      An Order awarding attorney's fees, costs, and expenses;

i.      Pre- and post-judgment interest at the highest applicable rates; and

j.      Such other and further relief as may be necessary and appropriate.

Date: June 16, 2023                    Respectfully submitted,

                                       By:*/s/ Dana M. Cimera*
                                       Dana M. Cimera
                                       **FITAPELLI & SCHAFFER, LLP**
                                       28 Liberty Street, 30th Floor
                                       New York, New York 10005
                                       Telephone: (212) 300-0375
                                       dcimera@fslawfirm.com

                                       Michael A. Josephson*
                                       Andrew W. Dunlap*
                                       **JOSEPHSON DUNLAP, LLP**
                                       11 Greenway Plaza, Suite 3050
                                       Houston, Texas 77046
                                       Telephone: 713-352-1100
                                       Facsimile: 713-352-3300
                                       mjosephson@mybackwages.com
                                       adunlap@mybackwages.com

                                       Richard J. (Rex) Burch*
                                       **BRUCKNER BURCH, PLLC**
                                       11 Greenway Plaza, Suite 3025
                                       Houston, Texas 77046
                                       Telephone: 713-877-8788
                                       rburch@brucknerburch.com

                                       *Pro hac vice applications
                                       forthcoming*

                                       **ATTORNEYS FOR PLAINTIFF &
                                       THE PUTATIVE CLASS MEMBERS**