James M. McDonnell, Esq. (Bar ID #030572001)
Lena K. Kim, Esq. (Bar ID #274092019)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOANNA MANIS, individually and on behalf of all others similarly situated, | : : : | CASE NO. 2:23-cv-03339-KM-JRA |
| Plaintiff, | : : | FLSA Collective Action<br>Rule 23 Class Action |
| v. | : : | |
| SINGER HOLDING CORPORATION d/b/a ROBISON OIL, | : : : | **AMENDED ANSWER AND DEFENSES** |
| Defendants. | : : | |

Singer Holding Corporation d/b/a Robison Oil, Inc. (hereinafter "Defendant"), by and through its undersigned attorneys, Jackson Lewis, P.C., for its answer and defenses to Plaintiff Joanna Manis' ("Plaintiff") complaint, states as follows:

1.     The allegations set forth in paragraph 1 of the complaint set forth a description of the action, not factual assertions, to which no response is required. To the extent a response may be required, deny that Plaintiff may recover for unpaid overtime wages and other damages.

2.     Deny the allegations set forth in paragraph 1 of the complaint except to admit Defendant Robison Oil employed Plaintiff as an Account Manager (sometimes referred to as an inside sales representative) from August 18, 2020 until her separation on April 19, 2023 and worked remotely.

3.     Deny the allegations set forth in paragraph 3 of the complaint.

4.     Deny any entitlement to overtime as alleged in paragraph 4 of the complaint.

5.     The allegations set forth in paragraph 5 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required deny the allegations contained in this paragraph.

6.     Deny the allegations set forth in paragraph 6 of the complaint.

7.     Deny the allegations set forth in paragraph 7 of the complaint.

## JURISDICTION & VENUE

8.     The allegations set forth in paragraph 8 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant does not contest this Court's jurisdiction over subject matter over Plaintiff's individual claims.

9.     The allegations set forth in paragraph 9 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant does not contest this Court's jurisdiction over Plaintiff's individual claims.

10.     The allegations set forth in paragraph 10 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, deny the allegations set forth in paragraph 10 of the complaint and aver that Robison Oil is incorporated in New York, maintains a principal place of business in New York, and does not maintain a place of business in New Jersey.

11.     The allegations set forth in paragraph 11 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, deny knowledge or information sufficient to form a belief as to the purported "events

or omissions" that allegedly occurred within this venue as Defendant is neither incorporated in nor has a place of business in the State of New Jersey.

12.     Admit only that Dumont, New Jersey is in Bergen County, New Jersey, and deny the remainder of the allegations set forth in paragraph 12 of the complaint.

## PARTIES

13.     Deny the allegations set forth in paragraph 13 of the complaint except to admit Defendant employed Plaintiff as an Account Manager (sometimes referred to as an inside sales representative) from August 18, 2020 until her separation on April 19, 2023 and worked remotely.

14.     The allegations set forth in paragraph 14 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, deny the allegations contained in this paragraph.

15.     Deny the allegations set forth in paragraph 15 except to admit Plaintiff received a salary plus commission.

16.     The allegations set forth in paragraph 16 of the complaint reference a written document, the terms of which speak for themselves.

17.     The allegations set forth in paragraph 17 of the complaint constitute a description of the purported class and/or collective action, not factual assertions, to which no response is required. To the extent a response may be required, deny that the putative class and/or collective may be certified (conditionally or otherwise).

18.     Deny the allegations set forth in paragraph 18 of the complaint.

19.     The allegations set forth in paragraph 19 of the complaint set forth a description of the putative collective, not factual assertions, to which no response is required. To the extent a response may be required, deny the allegations contained in this paragraph.

20.     Deny that Plaintiff may represent a class under Fed. R. Civ. P. 23.

21.     The allegations set forth in paragraph 21 of the complaint set forth a description of the putative class, not factual assertions, to which no response is required. To the extent a response may be required, deny the allegations contained in this paragraph and aver that no other Account Manager worked remotely in the State of New Jersey. Defendant further reserves the right to assert the inapplicability of New Jersey state law to Plaintiff's claims.

22.     The allegations set forth in paragraph 22 of the complaint constitute a description of the putative collective and/or class, not factual assertions, to which no response is required.

23.     Deny the allegations set forth in paragraph 23 of the complaint except to admit Robison Oil is a New York corporation with headquarters in Port Chester, New York.

24.     The allegations set forth in paragraph 24 of the complaint constitute legal conclusions, not factual assertions, to which no response is required.

**COVERAGE UNDER THE FLSA**

25.     The allegations set forth in paragraph 25 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant reserves the right to assert any and all available defenses including, *inter alia*, inapplicability of the FLSA.

26.     The allegations set forth in paragraph 26 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant reserves the right to assert any and all available defenses including, *inter alia*, inapplicability of the FLSA.

27.     The allegations set forth in paragraph 27 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may

be required, Defendant reserves the right to assert any and all available defenses including, *inter alia*, inapplicability of the FLSA.

28.   Admit the allegations set forth in paragraph 28 of the complaint.

29.   The allegations set forth in paragraph 29 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant admits only that it employed Plaintiff from August 18, 2020 to April 19, 2023.

30.   The allegations set forth in paragraph 30 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant reserves the right to assert any and all available defenses including, *inter alia*, inapplicability of the FLSA.

31.   Deny the allegations set forth in paragraph 31 of the complaint.

32.   Deny the allegations set forth in paragraph 32 of the complaint.

33.   Deny the allegations set forth in paragraph 33 of the complaint.

## FACTS

34.   The allegations set forth in paragraph 34 of the complaint reference a written document, the terms of which speak for themselves.

35.   Deny the allegations set forth in paragraph 35 of the complaint except to admit Account Managers engage in sales activities.

36.   Deny the allegations set forth in paragraph 36 of the complaint except to admit Robison classifies Account Managers as exempt.

37.   Deny the allegations set forth in paragraph 37 of the complaint except to admit that Account Managers receive salary plus commission.

38.     Deny the allegations set forth in paragraph 38 of the complaint.

39.     Deny the allegations set forth in paragraph 39 of the complaint except to admit Defendant employed Plaintiff as an Account Manager (sometimes referred to as an inside sales representative) from August 18, 2020 until her separation on April 19, 2023 and worked remotely.

40.     Deny the allegations set forth in paragraph 40 of the complaint.

41.     Deny the allegations set forth in paragraph 41 of the complaint except to admit that Plaintiff received a salary plus commission.

42.     Deny the allegations set forth in paragraph 42 of the complaint.

43.     Deny the allegations set forth in paragraph 43 of the complaint except to admit Plaintiff received salary plus commission.

44.     Deny the allegations set forth in paragraph 44 of the complaint.

45.     The allegations set forth in paragraph 45 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, deny the allegations contained in this paragraph.

46.     Deny the allegations set forth in paragraph 46 of the complaint to the extent the assertions constitute the entirety of Plaintiff's duties except to admit only that Plaintiff's job duties included telephone calls and emails to potential clients.

47.     Deny the allegations set forth in paragraph 47 of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the meaning of "essential and integral" or "core business" to respond to the allegations in this complaint.

50.     Admit the allegations set forth in paragraph 50 of the complaint.

51.     Admit the allegations set forth in paragraph 51 of the complaint.

52.     Admit only that Plaintiff did not have supervisory or managerial authority while employed by Defendant.

53.     Deny the allegations set forth in paragraph 53 of the complaint.

54.     Deny the allegations set forth in paragraph 54 of the complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 of the complaint.

56.     Deny the allegations set forth in paragraph 56 of the complaint.

57.     Deny the allegations set forth in paragraph 57 of the complaint.

58.     The allegations set forth in paragraph 58 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, deny violations of the referenced laws.

59.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59 of the complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 of the complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 of the complaint.

62.     Deny the allegations set forth in paragraph 62 of the complaint.

63.     Deny the allegations set forth in paragraph 63 of the complaint.

64.     Deny the allegations set forth in paragraph 64 of the complaint.

65.     Deny the allegations set forth in paragraph 65 of the complaint.

66.     Deny the allegations set forth in paragraph 66 of the complaint.

67.     Deny the allegations set forth in paragraph 67 of the complaint.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

68.     The allegations set forth in paragraph 68 of the complaint constitute a description of the action, not factual assertions, to which no response is required.

69.     Deny the allegations set forth in paragraph 69 of the complaint.

70.     Deny the allegations set forth in paragraph 70 of the complaint.

71.     Deny the allegations set forth in paragraph 71 of the complaint.

72.     The allegations set forth in paragraph 72 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, deny the allegations contained in this paragraph.

73.     Deny the allegations set forth in paragraph 73 of the complaint.

74.     Deny the allegations set forth in paragraph 74 of the complaint.

75.     Deny the allegations set forth in paragraph 75 of the complaint.

76.     Deny the allegations set forth in paragraph 76 of the complaint.

77.     Deny the allegations set forth in paragraph 77 of the complaint.

78.     Deny the allegations set forth in paragraph 78 of the complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 79 of the complaint.

80.     Deny the allegations set forth in paragraph 80 of the complaint.

81.     Deny the allegations set forth in paragraph 81 of the complaint.

82.     Deny the allegations set forth in paragraph 82 of the complaint.

83.     Deny the allegations set forth in paragraph 83 of the complaint.

84.     Deny the allegations set forth in paragraph 84 of the complaint.

85.     Deny the allegations set forth in paragraph 85 of the complaint.

86.     Deny the allegations set forth in paragraph 86 of the complaint, inclusive of subparts (a) through (i).

87.     Deny the allegations set forth in paragraph 87 of the complaint.

88.     Deny the allegations set forth in paragraph 88 of the complaint and aver that this Court lacks personal jurisdiction.

89.     Deny the allegations set forth in paragraph 89 of the complaint.

90.     Deny the allegations set forth in paragraph 90 of the complaint.

91.     Deny the allegations set forth in paragraph 91 of the complaint.

92.     Deny the allegations set forth in paragraph 92 of the complaint.

93.     Deny the allegations set forth in paragraph 93 of the complaint.

94.     Deny the allegations set forth ion paragraph 94 of the complaint.

95.     Deny the allegations set forth in paragraph 95 of the complaint.

96.     Deny the allegations set forth in paragraph 96 of the complaint.

97.     Deny the allegations set forth in paragraph 97 of the complaint.

98.     Deny the allegations set forth in paragraph 98 of the complaint.

99.     The allegations set forth in paragraph 99 of the complaint reference written documents, the terms of which speak for themselves. To the extent a response may be required, deny that Plaintiff may assert collective and/or class claims in this matter.

**ROBISON OIL'S FLSA & NEW JERSEY WAGE VIOLATIONS WERE WILLFUL OR DONE IN RECKLESS DISREGARD FOR THE FLSA & NEW JERSEY WAGE LAWS**

100.    Defendant repeats and reasserts its answers and defenses to paragraphs 1 through 99 of the complaint, inclusive, as though set forth fully in response to the allegations contained in this paragraph.

9

101.     Defendant denies any violations of the FLSA.

102.     Deny the allegations set forth in paragraph 102 of the complaint.

103.     Defendant denies any violations of the NJWHL and reserves the right to assert the inapplicability of the NJWHL.

104.     Deny the allegations set forth in paragraph 104 of the complaint.

105.     Defendant denies any violations of the NJWTA and reserves the right to assert the inapplicability of the NJWTA.

106.     Deny the allegations set forth in paragraph 106 of the complaint.

107.     Deny the allegations set forth in paragraph 107 of the complaint.

108.     Deny the allegations set forth in paragraph 108 of the complaint except to admit Plaintiff and Account Managers received salary plus commission.

109.     Deny the allegations set forth in paragraph 109 of the complaint.

110.     Deny the allegations set forth in paragraph 110 of the complaint except to admit that Plaintiff and Account Managers did not receive overtime payments.

111.     Deny the allegations set forth in paragraph 111 of the complaint.

112.     Deny the allegations set forth in paragraph 112 of the complaint to the extent the assertions purport to cover the entirety of duties except to admit only that Plaintiff's job duties included telephone calls and emails to potential clients.

113.     Deny the allegations set forth in paragraph 113 of the complaint.

114.     Deny the allegations set forth in paragraph 114 of the complaint.

115.     Admit only that no advanced degree is required for the Account Manager position held by Plaintiff.

116.    Admit only that Plaintiff did not have supervisory or managerial authority while employed by Defendant.

117.    Deny the allegations set forth in paragraph 117 of the complaint.

118.    Deny the allegations set forth in paragraph 118 of the complaint.

119.    Deny the allegations set forth in paragraph 119 of the complaint.

120.    Deny the allegations set forth in paragraph 120 of the complaint.

121.    Deny the allegations set forth in paragraph 121 of the complaint.

122.    Deny the allegations set forth in paragraph 122 of the complaint.

123.    Deny the allegations set forth in paragraph 123 of the complaint.

124.    Deny the allegations set forth in paragraph 124 of the complaint.

125.    Deny the allegations set forth in paragraph 125 of the complaint.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
## (COLLECTIVE ACTION)

126.    Defendant repeats and reasserts its answers and defenses to paragraphs 1 through 125 of the complaint, inclusive, as though set forth fully in response to the allegations contained in this paragraph.

127.    The allegations set forth in paragraph 127 of the complaint constitute a description of the action, not factual assertions, to which no response is required. To the extent a response may be required, deny that Plaintiff may assert claims on behalf of others allegedly similarly situated.

128.    Deny the allegations set forth in paragraph 128 of the complaint.

129.    Deny the allegations set forth in paragraph 129 of the complaint.

130.    Deny the allegations set forth in paragraph 130 of the complaint.

131.    Deny the allegations set forth in paragraph 131 of the complaint.

**132.**   Deny the allegations set forth in paragraph 132 of the complaint.

**COUNT II**
**FAILURE TO PAY OVERTIME WAGES UNDER THE NJWHL**
**(NEW JERSEY CLASS)**

133.   Defendant repeats and reasserts its answers and defenses to paragraphs 1 through 132 of the complaint, inclusive, as though set forth fully in response to the allegations contained in this paragraph.

134.   The allegations set forth in paragraph 134 of the complaint constitute a description of the action, not factual assertions, to which no response is required. To the extent a response may be required, deny that Plaintiff may assert claims on behalf of a New Jersey class because she was the only Account Manager who lived in New Jersey. Defendant further reserves the right to assert the inapplicability of New Jersey state law to Plaintiff's claims.

135.   Deny the allegations set forth in paragraph 135 of the complaint.

136.   The allegations set forth in paragraph 136 of the complaint constitute a legal conclusion, not a factual assertion, to which no response is required. To the extent a response may be required, admit only that Defendant employed Plaintiff as an Account Manager from August 18, 2020 to April 19, 2023. Defendant further reserves the right to assert the inapplicability of the NJWHL to Plaintiff's claims.

137.   The allegations set forth in paragraph 137 of the complaint constitute a legal conclusion, not a factual assertion, to which no response is required. To the extent a response may be required, deny that Defendant employed any other Account Manager remotely in New Jersey except to admit only that Defendant employed Plaintiff as an Account Manager from August 18, 2020 to April 19, 2023. Defendant further reserves the right to assert the inapplicability of the NJWHL to Plaintiff's claims.

138.    The allegations set forth in paragraph 138 of the complaint constitute a legal conclusion, not a factual assertion, to which no response is required. To the extent a response may be required, deny that Plaintiff is entitled to overtime wages. Defendant further reserves the right to assert the inapplicability of the NJWHL to Plaintiff's claims.

139.    Deny the allegations set forth in paragraph 139 of the complaint.

140.    Deny the allegations set forth in paragraph 140 of the complaint.

141.    Deny the allegations set forth in paragraph 141 of the complaint.

142.    Deny the allegations set forth in paragraph 142 of the complaint.

143.    Deny the allegations set forth in paragraph 143 of the complaint.

144.    Deny the allegations set forth in paragraph 144 of the complaint.

**COUNT III**
**FAILURE TO PAY ALL WAGES EARNED UNDER THE NJWTA**
**(NEW JERSEY CLASS)**

145.    Defendant repats and reasserts its answers and defenses to paragraphs 1 through 144 of the complaint, inclusive, as though set forth fully in response to the allegations contained in this paragraph.

146.    Deny the allegations set forth in paragraph 146 of the complaint.

147.    Deny the allegations set forth in paragraph 147 of the complaint.

148.    The allegations set forth in paragraph 148 of the complaint constitute a legal conclusion, not a factual assertion, to which no response is required. To the extent a response may be required, admit only that Defendant employed Plaintiff as an Account Manager from August 18, 2020 to April 19, 2023. Defendant further reserves the right to assert the inapplicability of the NJWTA to Plaintiff's claims.

149.    The allegations set forth in paragraph 149 of the complaint constitute a legal conclusion, not a factual assertion, to which no response is required. To the extent a response may be required, deny that Defendant employed any other Account Manager remotely in New Jersey except to admit only that Defendant employed Plaintiff as an Account Manager from August 18, 2020 to April 19, 2023. Defendant further reserves the right to assert the inapplicability of the NJWTA to Plaintiff's claims.

150.    The allegations set forth in paragraph 150 of the complaint constitute a legal conclusion, not a factual assertion, to which no response is required. To the extent a response may be required, deny that any wages are earned, due or owing to Plaintiff. Defendant further reserves the right to assert the inapplicability of the NJWTA to Plaintiff's claims.

151.    Deny the allegations set forth in paragraph 151 of the complaint.

152.    Deny the allegations set forth in paragraph 152 of the complaint.

153.    Deny the allegations set forth in paragraph 153 of the complaint.

154.    Deny the allegations set forth in paragraph 154 of the complaint.

155.    Deny the allegations set forth in paragraph 155 of the complaint.

156.    Deny the allegations set forth in paragraph 156 of the complaint.

## JURY DEMAND

157.    Admit only that Plaintiff demands a trial by jury.

## DEFENSES

Defendant asserts the following defenses without assuming any burden of production or proof that, pursuant to law, belongs to Plaintiff.  Defendant reserves the right to amend its answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.  This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because he was compensated in accordance with applicable state wage and hour laws including, but not limited to, the New Jersey Wage and Hour Law and New Jersey Wage Payment Law.

## FOURTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, some or all of Plaintiff's claims are barred by the doctrines of laches, estoppel, offset, recoupment, waiver and/or other equitable defenses. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.  This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## SEVENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff is not entitled to some or all of the relief sought under the doctrine of consent or because she otherwise falls within a classification of individuals who may not recover under the causes of action alleged. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the accord and satisfaction doctrine and/or payment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was properly compensated under the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a4, et seq., the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq., and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

## TENTH AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, pursuant to applicable federal and state laws. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with applicable federal and state laws. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## TWELFTH AFFIRMATIVE DEFENSE

This case may not be maintained as a collective action because Plaintiff is not similarly-situated to other individuals who she purports to represent and has not taken the appropriate steps to initiate a collective action under the statute. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to be and is not an adequate representative of the putative collective and/or class, and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the applicable federal and state laws. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

This case is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to each of the purported collective action members. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or

enforcement policy of the United States Department of Labor and/or the New Jersey Department of Labor and Workforce Development, Defendants cannot be liable for relief or recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative for the purported classes; (b) Plaintiff cannot establish commonality; (c) Plaintiff cannot establish typicality; (d) Plaintiff is not similarly situated to any current or former employees; (e) the individualized nature of Plaintiff's claims makes class treatment inappropriate; and (f) the proposed class is not sufficiently numerous.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is not proper for treatment as a class action because, among other reasons, Plaintiff cannot meet the requirements for maintenance of a class action under Fed. R. Civ. P. 23. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants assert the Portal-to-Portal Act and/or applicable New Jersey Wage and Hour Law or regulations in defense of claims for time spent in transit, from a work station or for the convenience of the employees. This defense may apply to the claims of all of the putative collective and/or class of allegedly similarly situated persons.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent this Court awards Plaintiff or putative class members damages related to Plaintiff's claims, Plaintiff and the putative class members would be unjustly enriched.

## **TWENTIETH AFFIRMATIVE DEFENSE**

Defendant asserts some or all the above defenses as to any and all opt-in collectives and/or class members.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust his administrative remedies. This defense may apply to the claims of all of the putative collective and/or class of allegedly similarly situated persons.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred, in part, by the doctrine of election of remedies.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant intends to and reserve the right to rely upon such other defenses and affirmative defenses as may become available or appear during discovery in this matter and expressly reserve the right to supplement and/or amend these defenses.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction with respect to non-resident collective and/or class members and/or Defendant under Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255 (2017).

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by virtue of applicable exemptions, exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 U.S.C. § 213 (as well as any and all applicable regulations in 29 C.F.R. § 541.100, 200, 300, 600 or 779) and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4 and N.J.A.C. § 12:56-7.2, including, but not limited to, the 7(i), administrative (inclusive of the "sales" exemption

under <u>N.J.A.C.</u> § 12:56-7.2(c)), highly compensated exemption and all other potential exemptions available under state and/or federal law.

**<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>**

Plaintiff and putative class members are not entitled to prejudgment interest, even if they prevail.

**<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

This Court lacks personal jurisdiction over the Defendant.

**<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

This Court lacks jurisdiction, in whole or in part, over the subject matter of the claims asserted in the complaint.

**<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>**

Defendant asserts insufficient service of process.

**<u>THIRTHIETH AFFIRMATIVE DEFENSE</u>**

New Jersey state law is inapplicable to Plaintiff's claims for reasons including, but not limited to, Defendant does not maintain a place of business in New Jersey.

**<u>DESIGNATION OF TRIAL COUNSEL</u>**

Defendant hereby designates James M. McDonnell, Esq. as trial counsel in this matter.

**<u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>**

This matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**WHEREFORE**, Defendant respectfully requests that this Court:

      a.      Dismiss the Complaint in its entirety;

      b.      Deny each and every demand, claim and prayer for relief contained in the Complaint;

      c.      Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

      d.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

By: */s/ James M. McDonnell*
   James M. McDonnell
   Lena K. Kim

Dated:  August 16, 2023

4858-7370-8152, v. 1